**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ISAIAH PRESTON, JR., and** ) | |
| **DONETTA PRESTON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIV-14-1258-R** |
| ) | |
| **CITIMORTGAGE, INC.,** ) | |
| **MIDWEST MORTGAGE CAPITAL** ) | |
| **LLC.; MORTGAGE ELECTRONIC** ) | |
| **REGISTRATION SYSTEMS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendant

Midwest Mortgage Capital LLC. (Doc. No. 18) Plaintiffs filed a response in opposition to

the motion, asserting that the response is intended to be responsive to both Defendant

Midwest Mortgage Capital's motion and to a motion filed by Defendants Citimortgage, Inc.

and Mortgage Electronic Registration Systems, Inc. (MERS) on December 2, 2014.

Plaintiffs, however, failed to file their response within twenty-one days of the filing of

December 2, 2014 motion to dismiss, which was granted by the Court on December 29,

2014. As such, the Court limits its consideration of Plaintiff's January 12, 2014 response to

the motion to dismiss filed by Defendant Midwest Mortgage, the only remaining defendant.

This case is one of a series of cases filed by Plaintiffs, appearing *pro se* and seeking

to avoid culmination of or reversal of the foreclosure of their residence by Defendant

Citimortgage, which filed a foreclosure action in the District Court of Oklahoma County on

June 2, 2011, Case No. CJ-2011-3776.[1]  Citimortgage was assigned the debt by the original

lender, Defendant Midwest Mortgage Capital LLC.  Defendant Midwest Mortgage Capital

LLC asserts in the instant motion that the *Rooker-Feldman* doctrine precludes Plaintiffs from

pursuing this action, that any claim Plaintiffs might have is barred by the compulsory

counterclaim rule, and that the claims are barred by the doctrine of *res judicata.*

Plaintiffs state in the Complaint that the basis of this action is "the unlawful

foreclosure and sale of the subject Property of the Plaintiffs."  Complaint, ¶ 9.  With regard

to Defendant Midwest Mortgage Capital LLC, Plaintiffs allege that on May 5, 2011, MERS,

as nominee for Midwest Mortgage Capital LLC signed a purported assignment of real estate

mortgage.  They allege that an affidavit of Joseph Esquivel, Jr., submitted with their brief,

establishes that an interest in the loan was sold by Midwest Mortgage Capital LLC to the

Fannie Mae REMIC Trust 2010-122 shortly after execution.  As a result, MERS could not

have assigned Midwest Mortgage Capital LLC's interest to Citimortgage, and that the sale

of the indebtedness without transfer of the Mortgage resulted in expiration of the Mortgage.

---

[1]  Plaintiffs filed their first action in this Court on November 5, 2012, Case No. CIV-12-1220-R, which was dismissed by this Court. Plaintiffs also previously attempted to remove the foreclosure action, Case No. CIV-12-1318-R, which was remanded by the Court on December 3, 2012. These actions were followed by Case No. CIV-12-1317-R, wherein Plaintiffs asserted claims against the judges in the District Court of Oklahoma County who had presided over the foreclosure action. The action was dismissed without prejudice when Plaintiffs failed to respond to defendants' motion to dismiss. On April 30, 2013, Plaintiffs herein filed a Notice of Removal initiating Case No. CIV-14-437-R, which was remanded to the District Court of Oklahoma County, as it was a second improper attempt at removal of the foreclosure action. That same date Plaintiffs filed Case No. CIV-13-438-R, alleging claims against Citimortgage, Mortgage Electronic Registration Systems, Inc. and the Federal National Mortgage Association as well as certain individuals, again challenging the foreclosure action. In addition, on October 3, 2014, the Prestons filed an action in the District Court of Oklahoma County against Citimortgage, Inc., Midwest Mortgage Capital LLC, and Mortgage Electronic Registration Systems Inc. Case No. CJ-2014-5510.

Plaintiffs contend the assignment recorded by Midwest Mortgage Capital LLC was false, that Defendant breached the covenant of good faith and fair dealing, that the assignment was filed for purposes of harassment and violated the Truth in Lending Act, 15 U.S.C. § 1641(f).

As noted, Defendant Midwest Mortgage Capital LLC seeks dismissal in part premised on the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine prevents the federal district courts from entertaining actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). "The *Rooker–Feldman* doctrine is jurisdictional in nature; its applicability must be determined before any other affirmative defense. *See Long v. Shorebank Development Corp.*, 182 F.3d 548, 554–55 (7th Cir.1999) ("Because the *Rooker–Feldman* doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of *res judicata*."). *Rooker–Feldman* operates to stop parties seeking to have a state-court judgment declared void on the basis of alleged errors or mistakes. Even if the state-court erred "that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman doctrine* has been applied to bar collateral attacks on judgments entered in state-court foreclosure proceedings. *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98, 105 (10th Cir. BAP 2012)).

With this understanding of *Rooker–Feldman* as a backdrop, disposing of the present case under the doctrine is straightforward. The operative question is whether the injury alleged by the Plaintiffs resulted from the state-court judgment itself. Plaintiffs fully admit that it is, asserting in their complaint that they are challenging the unlawful foreclosure and sale of their property. So long as the injury complained of in federal court is "inextricably intertwined" with the state-court judgment, the doctrine applies, which is clearly the case herein. *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).

In order to prevail on their allegations, Plaintiffs would be required to establish that the Defendant Midwest Mortgage Capital LLC did not properly assign its interest. However the state court's final judgment includes the finding that Citimortgage "was the holder of the Note at the time the case was filed" and "is entitled to a foreclosure of its mortgage sued upon in this case." The Court could not enter judgment in favor of the Prestons against Midwest Mortgage Capital, Inc., without reviewing and rejecting the judgment entered by the District Court of Oklahoma County. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Plaintiffs' claims against Midwest Mortgage Capital LLC are inextricably intertwined with the state court's conclusions, they are barred by *Rooker-Feldman*, and the Court cannot exercise jurisdiction over such claims and Defendant's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED this 20th day of January, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE