# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISAIAH PRESTON, JR. and DONETTA PRESTON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIV-14-CV-1258 ) |
| CITIMORTGAGE, INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion for Sanctions, filed by Defendants Citimortgage and Mortgage Electronic Registration Systems, Inc. (Doc. No. 21) and on Plaintiff's subsequent motion to reconsider (Doc. No. 29). The Court concludes there is no reason to await response to the motion to reconsider, the parties having briefed the issues a multitude of times.

In the Motion for Sanctions Defendant Citimortgage and Mortgage Electronic Registration Systems, Inc., request that the Court impose filing restrictions upon the Plaintiffs in light of their history of filing litigation against Citimortgage and MERS related to and challenging the foreclosure proceedings that were terminated in favor of Citimortage in the District Court of Oklahoma County and that the Court order Plaintiffs to pay the reasonable costs and fees incurred in defending this action. Plaintiffs responded to the motion by arguing they should not be required to pay any monetary sanction because they are merely seeking to preserve their rights.

The Court finds Defendants' motion well taken and Defendants have complied with the safe harbor provision of Rule 11 of the Federal Rules of Civil Procedure, in that Defendants represent they served Plaintiffs with a copy of the motion more than twenty-one days prior to filing the motion with the Court. *See* Federal Rule of Civil Procedure 11(c)(2). The motion outlines the lengthy history of litigation between Plaintiffs and Defendants, initiated when Defendant Citimortgage filed a foreclosure action against Plaintiffs in the District Court of Oklahoma County. The Court adopts the representations of Defendants as set forth in the motion and confirmed by the Court, many of which are included in the Court's prior orders in this and other related actions. Plaintiffs have repeatedly filed litigation in an effort to indirectly challenge the final judgment in the state court foreclosure action, burdening Defendants and the Court. Defendants have requested a monetary sanction in the form of attorneys fees and costs and further request that the Court impose filing limitations.

The Court declines Defendants' request for monetary sanctions. However, the Court will impose the following filing restrictions on Plaintiffs in this Court, and any further frivolous filings may result in an award of costs and fees to the Defendants. Any documents that either Plaintiff wishes to submit for filing in this case should be mailed or hand-delivered to the Clerk of Court. As a prerequisite to filing any additional *pro se* complaints, either plaintiff must submit three documents to the Court:

> (1) A Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action;
> (2) An affidavit as directed below; and
> (3) A copy of the complaint that plaintiff or plaintiffs propose(s) to file in this Court.
> 1. In any Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action,

Plaintiff or Plaintiffs must indicate, as to each potential defendant, whether that defendant previously was a party, or was in any way involved in, any prior state or federal lawsuit by plaintiff(s), and if so, in what capacity and the disposition of any such suit.

2. The affidavit shall be in proper legal form and must state the following: a) whether plaintiff has previously raised the proposed claims in any federal or state court; and b) that the pleading is filed in good faith, is not malicious, and has arguable merit.

3. Any proposed complaint must comply with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the Western District of Oklahoma.

If plaintiff or plaintiffs submits petition for leave to file a *pro se* action pursuant to this order, the Clerk of the Court will accept the documents, mark them received, and immediately forward them to the undersigned judge. Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying plaintiff's petition. If the court grants the petition, the Clerk of the Court shall file the complaint and related materials effective the date of the order. The case shall be assigned pursuant to the Local Rules of Practice.

With regard to Plaintiffs' Motion to Reconsider and/or Motion to Vacate, filed on February 17, 2015, Plaintiffs deny their current claims are inextricably intertwined with the culminated foreclosure judgment and therefore *Rooker-Feldman* does not apply. The Court has thoroughly considered Plaintiff's arguments each time they have been asserted, and finds that the judgment of the District Court of Oklahoma County includes a finding that Citi

Mortgage had security in the subject property and the assignment was not a nullity. Although Plaintiffs believe they sufficiently pled a claim in this Court in accordance with Federal Rules of Civil Procedure 8 and 9, the short answer is that the state court has previously decided the issues Plaintiffs seek to raise, and a decision regarding those issues in this court would operate to invalidate the foreclosure judgement, which this Court cannot do. As such, the motion to reconsider is DENIED.

The Motion for Sanction is hereby GRANTED as set forth herein. The Motion to Reconsider is hereby DENIED. Judgment shall be entered in favor of the Defendants.

IT IS SO ORDERED this 20th day of February, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE